UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| DUSTIN BRIAN LAROCHE,<br><br>Plaintiff,<br><br>vs.<br><br>LOWER BRULE SIOUX TRIBE CORPORATION, General Assistance Benefits Program,<br><br>Defendant. | 3:26-CV-03007-KES<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915 SCREENING |

Pro se plaintiff, Dustin LaRoche, filed this action against the Lower Brule Sioux Tribe General Assistance Benefits Program seeking review of the dismissal of his complaint in the Lower Brule Sioux Tribal Court. Docket 1. Laroche alleges that the tribal court dismissed his case based on incorrect reasoning and requests reversal of that dismissal, along with an award of backpay and interest. *Id.* LaRoche also moves for leave to proceed in forma pauperis, Docket 3, and appointment of counsel, Docket 4.

I.      **Motion for Leave to Proceed In Forma Pauperis**

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently

impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). After reviewing LaRoche's financial affidavit, the court finds he has insufficient funds to pay the filing fee. Thus, LaRoche's motion for leave to proceed in forma pauperis (Docket 3) is granted.

## II.    1915 Screening

### A.    Legal Standard

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under § 1915(a), the court must then determine whether the complaint should be dismissed under § 1915(e)(2)(B). *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam); *see also Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[] to state a claim on which relief may be granted; or (iii) seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint. *Est. of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam)

(citation omitted). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam) (citations omitted).

A district court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988) (citing *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974)). A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation omitted). If a complaint does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985) (citation omitted). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a complaint "must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550 U.S. at 553–63)).

Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation omitted) (quoting *Twombly*, 550 U.S. at 556).

Still, "conclusory statements" and "naked assertion[s] devoid of further factual enhancement" do not satisfy the plausibility standard. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (alteration in original) (citation and internal marks omitted).

**B.    Factual Background and Legal Analysis**

LaRoche previously filed an action in the Lower Brule Sioux Tribal Court challenging the calculation and administration of federally funded General Assistance (GA) benefits under 25 C.F.R. Part 20, including the eligibility and payment standards set forth in 25 C.F.R. § 20.303. Docket 1 at 2. LaRoche alleged that he was underpaid GA benefits despite qualifying as head of household for purposes of benefit calculation. *Id.*

LaRoche alleges that he began receiving GA benefits on December 6, 2023, in the amount of $210 per month. *Id.* On March 5, 2024, his benefits increased to $488 per month after he was recognized as head of household. *Id.* LaRoche further alleges he had already been designated as head of household for the purposes of the Supplemental Nutrition Assistance Program (SNAP) as of October 1, 2021, and therefore contends that earlier GA benefit calculations were incorrect. *Id.*

On September 25, 2025, the Lower Brule Sioux Tribal Court dismissed LaRoche's action. *Id.* In dismissing his case, the tribal court cited jurisdictional concerns regarding its authority over the SNAP program. *Id.* LaRoche now seeks reversal of the tribal court's dismissal, judicial review of the GA eligibility and payment determinations, an award of $834.00 in alleged unpaid benefits, and such other relief as the court deems just and proper. *Id.*

4

Federal district courts lack authority to review or reverse tribal court decisions and do not sit as appellate tribunals over tribal court proceedings resolving underlying disputes. *See Nat'l Farmers Union Ins. Cos. v. Crow Tribe of Indians*, 471 U.S. 845, 856-57 (1985); *DISH Network Serv. L.L.C. v. Laducer*, 725 F.3d 877, 882-83 (8th Cir. 2013). Instead, federal review of tribal court proceedings is limited in scope and generally does not extend to correcting alleged errors of law or fact in the tribal court's resolution of a dispute. Although principles of comity and tribal exhaustion ordinarily require that tribal courts be given the first opportunity to determine their own jurisdiction, *see Iowa Mut. Ins. Co. v. LaPlante*, 480 U.S. 9, 16-19 (1987), those doctrines do not permit federal courts to function as appellate tribunals over tribal court judgments.

Here, even liberally construed, LaRoche's allegations fail to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii). LaRoche's complaint seeks federal review and reversal of a decision of the Lower Brule Sioux Tribal Court dismissing his prior action concerning GA benefit calculations. Docket 1 at 2. LaRoche does not challenge the tribal court's authority to adjudicate his claims, but instead disputes the tribal court's reasoning in dismissing his action. In substance, LaRoche seeks appellate review of that decision and a merits redetermination of his underlying claims.

But federal district courts do not sit as appellate tribunals over tribal courts. *See Nat'l Farmers Union,* 471 U.S. 845, 856-57 (holding that federal

review of tribal proceedings is limited and ordinarily follows exhaustion of tribal remedies); *Iowa Mut. Ins. Co.*, 480 U.S. at 16-19. As such, this court lacks authority to review or reverse the Lower Brule Sioux Tribal Court's dismissal or to reassess the merits of LaRoche's benefits claims. The appropriate forum for any such appeal lies within the Tribe's appellate court system. To the extent tribal exhaustion principles are implicated, they are not met here, because "tribal appellate courts must have the opportunity to review the determinations of the lower tribal courts" before federal adjudication may proceed. *Temple v. Mercier*, 127 F.4th 709, 715 (8th Cir. 2025). Because LaRoche's complaint seeks relief this court is not authorized to grant, it fails to state a claim upon which relief may be granted and must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

## III.   Conclusion

Thus, it is ORDERED:

1. That LaRoche's motion for leave to proceed in forma pauperis (Docket 3) is granted.

2. That LaRoche's claims against the Lower Brule Sioux Tribe are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii).

3. That LaRoche's motion to appoint counsel (Docket 4) is denied as moot.

Dated May 13, 2026.

BY THE COURT:

/s/ Karen E. Schreier
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

6